Judgment of the county court affirmed.

Orleans,<br>April,<br>1834.

Knapp<br>vs.<br>Parker.

---

John Wetherbee vs. Nehemiah Colby.

Orleans,<br>April,<br>1834.

In declaring upon a replevin bond, executed in pursuance of the forty-sixth section of the judiciary act of March 2, 1797, it is not necessary to allege a demand of the property replevied, upon the execution in the original suit, or notice to either of the obligors in the bond, of the issuing of the execution and its delivery to the officer.

This cause was brought up on exceptions to the judgment of the county court, in an action of debt on replevin bond. The bond was executed by the defendant with one Houghton, on the replevin of Houghton's property, which had been attached at the suit of the plaintiff. The declaration was in common form, containing all the requisite and usual averments, except that, instead of alleging expressly that Cobb, the officer having the execution against Houghton, demanded the property of him which had been replevied, it alleged that the officer, in his return upon the execution, stated such a demand, as part of his proceedings. The defendant demurred specially, and assigned the following cause:—"It does not appear by said declaration, that said property was ever demanded on said execution of this defendant, or of said Houghton, or that this de-

ORLEANS,
*April,*
1834.

Wetherbee
*vs.*
Colby.

fendant, or said Houghton, had any notice of said execution being in the hands of said Cobb." The plaintiff joined in demurrer, and the county court adjudged the declaration sufficient.

*Redfield, in support of the demurrer.*—In this case the defendant insists the declaration is insufficient—

1. Because it is necessary to aver, either that demand was made of the property of Houghton or Colby, or that notice was given to them to produce the property ; or to assign some excuse for not making this averment : neither of which facts are alleged in the declaration.—1 Vt. Rep. 9—*Davis* vs. *Miller.*

2. The officer's return was not conclusive upon this matter, because this was not a *fact* which he was bound to return, any more than if he had bailed the property to a receipt man ; and although the officer's return would be conclusive in regard to acts done under process, as between the parties to that process ; yet his *excuse* for not acting, when intended to charge third persons, cannot be considered as conclusive, or indeed as evidence at all.

3. The plaintiff, instead of alleging that the demand was made, or notice given to produce the property, alleges that the officer made a return of those facts. It is a sufficient answer to this, that the law requires no such return as in the case of *non est inventus* to charge bail on *mesne process.* Then the *return must be made* within sixty days :—here the execution must be put into the officer's hands, and this defendant, as surety, notified to produce the property, and then his liability is fixed.

4. Then to hold an unnecessary return of an officer to be a *matter of record*, and not to be denied, and the allegation that such a return was made, is equivalent to an allegation of the facts directly and unconditionally, is such a deviation from the principles held in the case of *Howe* vs. *Ransom*, as will not be tolerated.

5. It is not even made out by the *return* that any notice was given to Colby, the surety, and present defendant, that Cobb had the execution, and wished to levy upon the property replevied ; which is insisted upon in the cause of demurrer assigned, and which, it is believed, was absolutely necessary to charge Colby ; for, for aught that appears, there might have been connivance with Houghton, in order to charge this defend--

ant, and notice seems to be more necessary to the surety than the principal.

L. *Marsh, contra*—No demand was necessary by law. The property should have been returned to the sheriff. It is alleged that "said property was not returned so that it could have been taken on said execution," which, by the demurrer, is admitted to be true; and that averment denies the performance of the condition of the bond, negating its very words in the words of the statute, p. 72, sec. 46. Besides, it is alleged that the officer stated that fact in his return, indorsed on the execution. A *non est* return, of that description, is a lawful return, made on oath, and has become a matter of record, and, as such, conclusive between the parties. Declaring that the officer stated certain facts in his return of record, with a profert thereof, is believed to be a sufficiently direct allegation of the facts thus proved by the record. That the officer's return is conclusive on the parties and their privies, see the following mentioned authorities:—*Barney* vs. *Weeks*, 4 Vt. Rep. 146.—*Eastman* vs. *Curtis*, 4 do. 616.—*Stevens* vs. *Brown*, 3 do. 420.—*Hathaway* vs. *Phelps*, 2 Aik. Rep. 84.—*Slayton* vs. *Chester*, 4 Mass. Rep. 478.—*Bott* vs. *Burnell*, 9 do. 96.—*Estabrooks* vs. *Hapgood and ux.* 10 do. 313.—*Bean* vs. *Parker et al.* 17 do. 591. No notice of issuing the execution can be necessary, for the defendant must take notice when the judgment is rendered against him, and must know the law, that execution must issue within thirty days from judgment. The issuing of execution is not necessary to enable the officer to receive the property attached on the writ, as he could receive it at any time before. Neither is it issued to give notice to bail, but simply to procure payment of the debt.—*Stevens* vs. *Adams*, Bray. Rep. 29. The officer returned the fact of notice, as the declaration shows.

The opinion of the court was delivered by

ROYCE, J.—The declaration should allege every substantive fact which is necessary to make out a complete right of recovery. The demurrer assumes that a demand of the property replevied, by the officer holding the execution, is such a fact; or if it is not, that, at the least, actual notice to one or both of the obligors, of the issuing of the execution, and the delivery of it to the officer, should be deemed an essential fact.

ORLEANS,
*April,*
1834.

Wetherbee
*vs.*
Colby.

It is clear that no demand upon this defendant, or notice to him, can be required. His situation was unlike that of a joint receiptor of property attached, because, in that case, all the receiptors are equally the bailees of the officer, and are supposed to retain possession of the property. But here the property was redelivered, under the writ of replevin, to Houghton alone. The defendant was a mere surety in the replevin bond, without any right of interference with the original suit, or with the property.

A demand on Houghton would of course include the notice to him which is contended for. And if such demand is considered necessary, it must be upon the ground that a right construction of the statute requires it. The demand would therefore be an official duty of the officer under the law. And if an official act, then his return must be legal evidence of its performance. The objection would still remain, that the declaration does not directly allege that a demand was made, but only sets forth a return of it by the officer. This is declaring upon the evidence, and not upon the fact itself, and in this respect, if a demand was necessary, the declaration would seem to be defective. I understand the general rule to be, that if the return states positive and distinct acts of the officer, such as an arrest, or the attachment or demand of property, it is necessary in pleading to count upon the act itself; but if the return is of a negative character, as that of *non est inventus, nulla bona,* and the like, it is sufficient merely to set forth the return.

The necessity of alleging demand or notice, remains to be considered. The whole proceeding, in this species of replevin, including the form of the replevin bond, is regulated and prescribed by statute. The bond is to be conditioned as follows :—" That if the said (Houghton in this instance) shall " return the said goods and chattels, to be replevied to him, " by virtue of said writ, so that they may be taken on an exe- " cution, which may issue on a judgment, to be recovered on " the aforesaid attachment ; or shall otherwise discharge said " judgment, within sixty days from the rendition of the same, " then this obligation to be void : otherwise of force." It is to be returned into the court to which the original process is made returnable, and there kept on file. " And if the plaintiff or " plaintiffs in the original process, shall recover judgment there- " on, execution shall issue within thirty days. And if the de- " fendant or defendants, in said process, shall not, within the

"life of the execution, return said goods or chattels, so that "the same may be taken in custody, or otherwise discharge the "said execution; then the clerk, on request, shall deliver to "the plaintiff or plaintiffs, the said bond," &c. By these enactments, it is required on the part of the creditor or plaintiff, as a condition precedent to any right of action on the bond, that he shall recover judgment in the principal or original suit, and that execution shall issue thereon within thirty days. And by this last requirement, we are doubtless to understand, that the execution shall be delivered to a proper officer to be enforced. Then follows the act to be performed by the original defendant, to prevent a forfeiture of the replevin bond. He might return the property replevied, within the life of the execution, so that it may be taken in custody thereon, or in some other manner satisfy and discharge the execution, within sixty days from the rendition of the judgment. Here is an option afforded the defendant, and it is doubtless true, that if, by the act or default of the plaintiff, he is prevented from doing one of the acts enjoined, he is thereby excused or discharged from the other also. Now the obligation of the defendant to do one or the other act is apparently absolute, as well by the condition of the bond, as by the enacting clause of the statute; and in order to determine whether it is still subject to the implied condition of demand or notice, we must ascertain what is meant by returning the property. If nothing else can in any case be admitted, than an actual production of it to the officer holding the execution, there is strong reason for acceding to the construction which is called for; as the duty of the defendant might otherwise become extremely difficult of performance. But the direction to return the property is expressed in general and qualified terms. The return is not required to be made to any particular place or person, nor is there any provision that the property *shall* be taken upon the execution; it is enough if it *may* be so taken. Therefore, when the defendant does all which he reasonably can, under the circumstances as they may exist, to place the property in a situation to be levied on, it might be sufficient for him. If the property is demanded, he must of course expose or produce it to the officer; and an ability and readiness to produce it, at his own residence or some suitable place, is the least which the duty of the defendant, under any circumstances, would seem to render necessary. Whether more than this would ever be required of him,

when no actual demand is made, we have no occasion, at this time, to decide. As the statute has specified but two preliminary requisites to the right of suing on the bond, we must regard these as sufficient in the first instance, and are not authorized to add another. Consequently the demand, or notice insisted on, need not be alleged in the declaration. But when the two statute requisites are properly stated, and it is further alleged, as in this case, that the property was not returned, nor the execution discharged, the defendant must be required to plead to the action. And if his defence is confined to the matter of performance, contemplated by the statute, he will set forth, either a satisfaction and discharge of the execution, or such facts as may constitute a sufficient return of the property.

It will be perceived, from what has been said, that a case is supposable, where the defendant, by a reasonable preparation and endeavor to turn out the property, may save the forfeiture of his bond, and the plaintiff, by omitting a demand, may lose the benefit of the bond in the first instance, and ultimately, perhaps, the chance of securing the property. And here it is not expected, as a consequence of this decision, that the practice of demanding the property will be generally discontinued. The expediency of making a demand, and the hazard of neglecting it, will be obvious in every case, where the defendant, by retaining possession or control of the property, shall be in a condition to comply with it.

Judgment of the county court affirmed.